Gregory *v.* Gregory.

---

## FANNIE N. GREGORY

*v.*

## BENJAMIN GREGORY.

At the time of a divorce *a vinculo*, for the husband's offence, the wife took no decree for alimony, because her husband's father promised to provide for her for life, which promise he kept until his death. Afterwards her husband made provision for her irregularly, and finally discontinued it altogether. Thereupon the wife, with her friends, employed a solicitor to obtain alimony for her, giving him a written promise that she would be governed by his advice, and not accept any proposition of settlement, or sign any paper in the matter, without his consent.—*Held*, that, notwithstanding such agreement, she had a right to make a *bona fide* settlement with her husband without her solicitor's co-operation, and that, in the absence of proof of collusion, her solicitor had no professional claim to prevent the subsequent dismissal of the proceedings instituted by him for alimony.

---

On petition for alimony &c., after decree of divorce *a vinculo*. Motion to dismiss petition after settlement.

*Mr. J. B. Vredenburgh*, for the motion.

*Mr. A. S. Jackson*, contra.

THE CHANCELLOR.

The defendant, the respondent in the petition, moves to dismiss it on the ground that the claim for alimony upon which it was filed has been settled between the parties. The complainant's (petitioner's) counsel resists this motion on the ground that the settlement, if made, was, as to his claim for costs and counsel fees, collusive, and that the parties conspired to defraud him thereof.

It appears by the evidence that the petitioner and respondent were divorced, by the decree of this court, from the bond of marriage, for the offence of the respondent, but that, because of the promises of his father to pay suitable alimony to the petitioner for life, she omitted to take a decree for alimony, as she otherwise would have done; and that the father kept his promise until his death, and the respondent continued to provide for the petitioner's support after that time for a while, and then wholly discontinued the provision. The petitioner being without the means of support, and without the means of employing counsel, her friends induced the gentleman who became her solicitor, to undertake to obtain alimony for her. The petitioner then gave to him a written promise to be governed by his advice, and not to accept any proposition of settlement, or sign any paper in the matter, without his consent. He then filed the petition. The respondent answered it. Pending the proceedings, the parties settled the matter, but on what terms does not appear. The solicitor, on the same day on which he filed the petition, wrote to the respondent a note, merely stating that the petitioner was at a certain designated house in Jersey City. The respondent visited her there and negotiations for a settlement were entered upon by them. A formal proposition of adjustment, made in writing, by him to her was submitted to her solicitor, and he advised against accepting it. That proposition was to pay her $100 a month as long as he should be able, and, in addition thereto, $1,000, to enable her to redeem certain personal property of hers, which she had pledged for advances. It was

accompanied with a denial of liability, and it was made on condition that the proceedings against the respondent for alimony should be discontinued.   In his letter enclosing it, the respondent said that he fully appreciated her situation, expressed regret for his inability in the past to help her as he had desired to do; stated that, though he gives her only his promise, he intends to keep it faithfully, so long as he has the means to do it, and added, that if she decided to accept the proposition, she was to write a letter to him to that effect, and retain the enclosed written promise signed by him; and that she should then write to her solicitor, saying that, having made an amicable settlement, she desired to discontinue the proceedings.   He closed by saying: "My father always said, 'Steer clear of the lawyers;' I repeat it to you."   Subsequently, and apparently almost immediately afterwards, a settlement was made between the parties without the intervention or knowledge of the petitioner's solicitor.

I do not perceive any ground for the charge that the settlement was made with a view to defrauding the solicitor. The respondent was invited by the solicitor himself, by the letter before mentioned, to call on the petitioner for the purpose of effecting an amicable arrangement.   The fact that the respondent advised the petitioner to avoid lawyers, indicates no such design.   He only advised her to settle the matter without further legal proceedings, which he was entirely at liberty to do.   She appears to have written to her solicitor after the settlement, and requested him to call and see her, with which request he declined to comply, but wrote a letter to her.   In her reply to that letter she says that she intended, had he called on her according to her request, to have given him her reasons for discontinuing the proceedings, and adds that she hoped to be able to make satisfactory arrangements with him.   The petitioner clearly had the right to make the settlement and to dismiss the proceedings.   In the absence of proof of collusion, the

solicitor has no claim to the equitable interference of the court in his behalf.

In *Jones* v. *Bonner, 2 Exch. 230*, a pauper plaintiff settled an action for damages without his attorney's knowledge or consent, by executing a release. It appeared that the plaintiff sought the settlement, and that the arrangement was fair and reasonable. The plaintiff's attorney applied to the court to set aside the release, and the plea of *puis darrein continuance* based thereon, but the court denied the application.

The petition will be dismissed, but without costs.